IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPARK THERAPEUTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 21-705-LPS |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| BLUEBIRD BIO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND COUNTERCLAIMS

Defendant bluebird bio, Inc. ("bluebird" or "Defendant"), for its answer and affirmative

defenses to allegations brought by Plaintiff Spark Therapeutics, Inc. ("STI" or "Plaintiff"), states

as follows:

The prefatory statement to the complaint is not a numbered allegation and does not recite

any allegations.  To the extent that a response is required, bluebird denies the allegations.

## NATURE OF THE ACTION

1.      bluebird admits that paragraph 1 purports to state a cause of action, but denies that

STI has stated a claim upon which relief can be granted and denies that bluebird has engaged in

any unlawful conduct.  bluebird denies the remaining allegations of paragraph 1.

2.      bluebird lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 2, and therefore denies the same.

3.      bluebird lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 3, and therefore denies the same.

4.      bluebird lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 4, and therefore denies the same.

5.      bluebird lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies the same.

6.      bluebird admits that it is developing a treatment for sickle cell anemia.  bluebird denies the remaining allegations of paragraph 6.

7.      bluebird admits that it made the LinkedIn post reproduced in paragraph 7, and refers to the identified webpage for the contents thereof.  bluebird denies the remaining allegations of paragraph 7.

8.      bluebird admits that it has a website located at www.sparksicklecellchange.com and that it is using the phrases "Be the SPARK," "Let's Spark Change in Sickle Cell," "Sign Up to Be the Spark," and "Be the Spark for Better Care in Sickle Cell" on that website.  bluebird denies the remaining allegations of paragraph 8.

9.      bluebird admits that it has filed trademark applications in the United States for BE THE SPARK, I AM THE SPARK, SPARK CHANGE, and SPARK ACTION, and that those applications designate promotional and educational activities.  bluebird denies the remaining allegations of paragraph 9.

10.      bluebird denies the allegations of paragraph 10.

### THE PARTIES

11.      bluebird lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies the same.

12.      bluebird admits the allegations of paragraph 12.

## JURISDICTION AND VENUE

13.     bluebird admits that paragraph 13 purports to state a cause of action, but denies that STI has stated a claim upon which relief can be granted and denies that bluebird has engaged in any unlawful conduct.

14.     bluebird admits that this Court has personal jurisdiction over bluebird.  bluebird does not contest venue for the purposes of this action.  bluebird denies the remaining allegations of paragraph 14.

## GENERAL ALLEGATIONS

15.     bluebird denies the allegations of paragraph 15.

16.     bluebird lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies the same.

17.     bluebird lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and footnote 1, and therefore denies the same.

18.     bluebird lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies the same.

19.     bluebird lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies the same.

20.     bluebird lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies the same.

21.     bluebird lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies the same.

22.     bluebird lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies the same.

23.     bluebird lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies the same.

24.     bluebird lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies the same.

25.     bluebird lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies the same.

2.     bluebird notes that there is a misnumbered paragraph 2 between paragraphs 25 and 26.  In 2020, *Science Magazine* ranked STI as #10, not #1, in a list of Top Employers, and therefore bluebird denies the allegation regarding the *Science Magazine* ranking.  bluebird lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of misnumbered paragraph 2, and therefore denies the same.

26.     bluebird lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies the same.

27.     bluebird lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies the same.

**Bluebird's Intentional Misappropriation of the SPARK Marks**

28.     bluebird admits that it develops gene therapies and that it is developing a treatment for sickle cell disease, which is a genetic disorder that results in abnormal, sickle-shaped hemoglobin, which is the protein in red blood cells that carries oxygen from the lungs to the body's tissues and returns carbon dioxide from the tissues back to the lungs.  bluebird denies the remaining allegations of paragraph 28.

29.     bluebird admits that it is aware of STI and that bluebird's Chief Executive Officer has, prior to the date of the complaint, interacted with the Chief Executive Officer of STI. bluebird denies the remaining allegations of paragraph 29.

30.     bluebird admits that it has used the three images in paragraph 30.  bluebird denies the remaining allegations of paragraph 30.  bluebird denies the allegations of footnote 2.

31.     bluebird denies the allegations of paragraph 31.

32.     bluebird admits that its employees regularly attend the Annual Meeting of the American Society of Gene and Cell Therapy.  bluebird denies the remaining allegations of paragraph 32.

33.     bluebird admits that it has filed U.S. Trademark Application Serial Nos. 79/302,808; 79/301,139; 79/302,887; and 79/304,135 for the marks BE THE SPARK; I AM THE SPARK; SPARK CHANGE; and SPARK ACTION, respectively.  bluebird denies the remaining allegations of paragraph 33.

34.     bluebird denies the allegations of paragraph 34 and notes that the quoted services in paragraph 34 do not reflect the current identification of services of all trademark applications identified in paragraph 33.

**Bluebird's Actions Are Likely to Cause Confusion, and to Dilute the SPARK Marks**

35.     bluebird denies the allegations of paragraph 35.

36.     bluebird denies the allegations of paragraph 36.

37.     bluebird denies the allegations of paragraph 37.

38.     bluebird denies the allegations of paragraph 38.

39.     bluebird denies the allegations of paragraph 39.

40.     bluebird denies the allegations of paragraph 40.

41.     bluebird denies the allegations of paragraph 41.

42.     bluebird denies the allegations of paragraph 42.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement, 15 U.S.C. § 1114)

43.     bluebird repeats and incorporates by reference its responses to the foregoing

paragraphs of this Answer as though fully set forth herein.

44.     bluebird denies the allegations of paragraph 44.

45.     bluebird denies the allegations of paragraph 45.

46.     bluebird admits that its use is without consent of STI, but denies that any consent

from STI is required.  bluebird denies the remaining allegations of paragraph 46.

47.     bluebird denies the allegations of paragraph 47.

48.     bluebird denies the allegations of paragraph 48.

49.     bluebird denies the allegations of paragraph 49.

50.     bluebird denies the allegations of paragraph 50.

51.     bluebird denies the allegations of paragraph 51.

52.     bluebird denies the allegations of paragraph 52.

53.     bluebird denies the allegations of paragraph 53.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))

54.     bluebird repeats and incorporates by reference its responses to the foregoing

paragraphs of this Answer as though fully set forth herein.

55.     bluebird denies the allegations of paragraph 55.

56.     bluebird denies the allegations of paragraph 56.

57.     bluebird admits that its use is without consent of STI, but denies that any consent from STI is required.  bluebird denies the remaining allegations of paragraph 57.

58.     bluebird denies the allegations of paragraph 58.

59.     bluebird denies the allegations of paragraph 59.

60.     bluebird denies the allegations of paragraph 60.

61.     bluebird denies the allegations of paragraph 61.

62.     bluebird denies the allegations of paragraph 62.

63.     bluebird denies the allegations of paragraph 63.

64.     bluebird denies the allegations of paragraph 64.

65.     bluebird denies the allegations of paragraph 65.

66.     bluebird denies the allegations of paragraph 66.

## THIRD CLAIM FOR RELIEF
### (Domain Name Piracy, 15 U.S.C. § 1125(d))

67.     bluebird repeats and incorporates by reference its responses to the foregoing paragraphs of this Answer as though fully set forth herein.

68.     bluebird denies the allegations of paragraph 68.

69.     bluebird admits that it registered the domain name sparksicklecellchange.com. bluebird denies the remaining allegations of paragraph 69.

70.     bluebird denies the allegations of paragraph 70.

71.     bluebird denies the allegations of paragraph 71.

72.     bluebird denies the allegations of paragraph 72.

73.     bluebird denies the allegations of paragraph 73.

74.     bluebird denies the allegations of paragraph 74.

75.     bluebird denies the allegations of paragraph 75.

76.     bluebird denies the allegations of paragraph 76.

**FOURTH CLAIM FOR RELIEF**
**(Trademark Dilution under Delaware Law; 6 Del. C. § 3313)**

77.     bluebird repeats and incorporates by reference its responses to the foregoing paragraphs of this Answer as though fully set forth herein.

78.     bluebird denies the allegations of paragraph 78.

79.     bluebird denies the allegations of paragraph 79.

80.     bluebird denies the allegations of paragraph 80.

81.     bluebird denies the allegations of paragraph 81.

82.     bluebird denies the allegations of paragraph 82.

83.     bluebird denies the allegations of paragraph 83.

**FIFTH CLAIM FOR RELIEF**
**(Deceptive Trade Practices under Delaware Law; 6 Del. C. § 2532)**

84.     bluebird repeats and incorporates by reference its responses to the foregoing paragraphs of this Answer as though fully set forth herein.

85.     bluebird denies the allegations of paragraph 85.

86.     bluebird denies the allegations of paragraph 86.

87.     bluebird denies the allegations of paragraph 87.

**SIXTH CLAIM FOR RELIEF**
**(Delaware Common Law Trademark Infringement and Unfair Competition)**

88.     bluebird repeats and incorporates by reference its responses to the foregoing paragraphs of this Answer as though fully set forth herein.

89.     bluebird denies the allegations of paragraph 89.

90.     bluebird denies the allegations of paragraph 90.

91.     bluebird denies the allegations of paragraph 91.

92.     bluebird denies the allegations of paragraph 92.

93.     bluebird denies the allegations of paragraph 93.

94.     bluebird denies the allegations of paragraph 94.

95.     bluebird denies the allegations of paragraph 95.

## PRAYER FOR RELIEF

A.      bluebird denies that STI is entitled to the requested relief.

B.      bluebird denies that STI is entitled to the requested relief.

C.      bluebird denies that STI is entitled to the requested relief.

D.      bluebird denies that STI is entitled to the requested relief.

E.      bluebird denies that STI is entitled to the requested relief.

F.      bluebird denies that STI is entitled to the requested relief.

G.      bluebird denies that STI is entitled to the requested relief.

H.      bluebird denies that STI is entitled to the requested relief.

I.      bluebird denies that STI is entitled to the requested relief.

J.      bluebird denies that STI is entitled to the requested relief.

K.      bluebird denies that STI is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

bluebird asserts the following affirmative defenses without undertaking or otherwise shifting any applicable burdens of proof.  bluebird incorporates the facts and allegations in its Answer and Counterclaims into each of its defenses.  bluebird reserves the right to assert additional defenses and/or amend these defenses, as warranted by facts learned through investigation and discovery.

**FIRST DEFENSE**

1.      The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2.      STI's claims are barred by the statutory fair use defense in Section 33(b)(4) of the Lanham Act, 15 U.S.C. § 1115(b)(4), because bluebird only uses the word "spark" "otherwise than as a mark" and in a manner "which is descriptive of and used fairly and in good faith only to describe the goods or services of" bluebird.

**THIRD DEFENSE**

3.      STI's claims are barred, in whole or in part, by the doctrine of equitable estoppel based, on information and belief, on STI's actions, including years of knowing silence and inaction as to countless third parties using "spark" in the same or similar manner as bluebird, which is conduct that prejudiced bluebird and upon which bluebird relied to its detriment.

**FOURTH DEFENSE**

4.      bluebird has acted in good faith at all times with respect to the allegations in the Complaint, and bluebird's conduct has never been willful.

**FIFTH DEFENSE**

5.      bluebird's use of Spark is protected under the doctrine of fair use.

**SIXTH DEFENSE**

6.      There is no likelihood of confusion or misunderstanding.

## SEVENTH DEFENSE

7.      bluebird did not intend to, and did not create, an association with STI or any of its trademarks.

## EIGHTH DEFENSE

8.      bluebird's conduct is neither unfair nor deceptive.

## NINTH DEFENSE

9.      STI has not alleged a pattern of deceptive conduct sufficient to demonstrate willfulness or an exceptional case finding.

## TENTH DEFENSE

10.      bluebird adopted sparksicklecellchange.com in good faith.

## ELEVENTH DEFENSE

11.      sparksicklecellchange.com is neither identical nor confusingly similar to any marks owned by STI.

## ADDITIONAL DEFENSES

12.      bluebird reserves the right to supplement or amend this Answer, including but not limited to the addition of further affirmative defenses, based upon further investigation and discovery in this action.  bluebird denies all allegations in the Complaint not expressly admitted.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant/Counterclaim-Plaintiff

bluebird bio Inc. ("bluebird") asserts the following counterclaim against Spark Therapeutics, Inc.

(Plaintiff or "STI").

1.        This is an action for (a) a declaratory judgment under the Declaratory Judgment

Act, 28 U.S.C. Section 2201 et seq., to resolve an actual case or controversy between the parties

as to the validity of STI's U.S. Trademark Reg. No. 5,068,997 for SPARK and its U.S.

Trademark Application Serial Nos. 87/312,892 and 87/312,895, both for SPARK

THERAPEUTICS & Design, as set forth in STI's complaint, including statutory fair use and

other defenses and (b) non-infringement of any of the SPARK Marks which are the subject

matter of the Complaint.

## OVERVIEW

2.        Responsible companies involved in research, development, approval and sale of

therapeutic products, including pharmaceuticals and novel gene therapy products and programs,

play a vital role in improving the health and well-being of people and communities in the United

States and throughout the world.  Responsible companies recognize that their public and moral

obligations are to discharge their duties and obligations equitably, including identifying

communities having underrecognized and/or underserved medical needs.  These companies seek

to identify disease states that are not fully understood or not fully treated, where the community

impact is underappreciated and the population burdened by the disease is underserved.  These

responsible companies seek to research, develop, and commercialize therapies to address these

unmet needs, to help these underserved communities, and to educate and support patients and

communities impacted by the diseases they seek to treat.

3.      bluebird is a small biotechnology company seeking to develop and commercialize its gene therapies for severe genetic diseases without the scale of a large pharmaceutical company.  bluebird is fully committed to acting as a responsible company in researching, developing, and commercializing gene therapies to benefit patients, their families, and their communities.  The medical needs of the African American community are often underserved, and Sickle Cell Disease ("SCD") (also referred to as Sickle Cell Anemia) is a paradigmatic example of an underserved disease within an underserved community.   SCD predominately impacts the African American community, with long-term, devastating effects.  bluebird is developing a ground-breaking gene therapy to treat and potentially cure this devastating disease.

4.      bluebird launched its "Be the Spark" educational and awareness campaign in April 2020.  bluebird's campaign is primarily directed to individuals with SCD and individuals genetically predisposed to SCD, all of whom are predominantly African American, their caregivers, and their community.  bluebird's "Be the Spark" campaign seeks to listen to the needs of, and serve, the underserved SCD community and has been enthusiastically received by the community.

5.      bluebird's "Be the Spark" educational and awareness campaign is not directed to physicians, medical professionals, and researchers.  bluebird has separate "We Can Change SCD" campaign that is directed to health care professionals, such as doctors, nurses, and other medical professionals.

6.      SCD is a genetic disorder that results in abnormal, sickle-shaped hemoglobin, which is the protein in red blood cells that carries oxygen from the lungs to the body's tissues and returns carbon dioxide from the tissues back to the lungs.  SCD results in many health

problems, such as frequent intolerable pain crises, stroke, anemia, and bacterial infections.  It also reduces a patient's life expectancy.

7.      SCD is underrecognized and underserved.  People with SCD suffer from sudden intense pain and unpredictable complications resulting from this life-threatening, progressive disease.  Receiving treatment can be difficult due to systemic conscious and unconscious racial bias in healthcare systems and a general lack of understanding about SCD.  This can lead to substandard or absent medical care based on erroneous assumptions about the disease and the African American community.  People with SCD and their families often refer to themselves as "warriors" who are doing battle with both the debilitating impacts of SCD and a healthcare system that does not provide them with adequate care.  bluebird seeks to partner with warriors in the SCD community to address these inequities, which are described in part in videos that it created for the "Be the Spark" campaign.  Those videos are available at the following webpages: https://www.youtube.com/watch?v=HQuScGas_xA and https://www.linkedin.com/posts/bluebirdbio_be-the-spark-that-breaks-down-barriers-in-activity-6764576608142655488-8eC-.

8.      STI is a subsidiary of multi-billion-dollar Roche Holding Ltd. ("Roche"), one of the largest pharmaceutical companies in the world.  STI, Roche, and other subsidiaries affiliated with Roche profess to be responsible corporate citizens.  These companies maintain websites claiming to be responsible corporate citizens for the patients they seek to treat and the communities where they operate, and that these companies are committed to diversity, equity and inclusion.

9.   STI's website states the following:

"We are deeply committed to making this dream a reality for more patients and families not only through our scientific efforts, but through our social efforts, as well. Our corporate social responsibility efforts focus on sparking positive change in the patient communities we serve, …." (https://sparktx.com/we-are-spark/corporate-social-responsibility/) (accessed on July 1, 2021)

10.   Likewise, Roche, through subsidiaries, makes strong statements that it seeks to combat systemic racism, advance the cause of racial parity, and use its power and resources to advocate for equity and justice:

"The RoAR [Roche Against Racism] group aims to create awareness around systemic racism and racial discrimination, encourage a change in perspective and a move towards equality for all. This can only be accomplished with an open environment that inspires us to be comfortable with who we are. We believe that our work to positively impact patients' lives is more successful when we embrace an inclusive culture and safe environment." (https://www.rochecanada.com/en/media/in-focus/Diversity-and-Inclusion-A-Catalyst-for-Innovation.html) (accessed on July 1, 2021)

"Roche stands with our Black colleagues and communities against institutionalized prejudice, hatred and violence. These are beliefs and actions that stand in stark contrast with our company values of inclusion, diversity and equity. Silence is equal to acceptance and we all are called to speak up." (https://diagnostics.roche.com/global/en/c/solidarity.html) (accessed on July 1, 2021)

"We are committed to speaking out and working to advance the cause of racial parity, striving for inclusiveness at Roche and in the communities where we live and work. We are committed to addressing the impacts of structural racism within our health care system. We are committed to using our power and resources to advocate for equity and justice. And we are committed to engaging in open dialogue with our co-workers, friends, neighbors and families to listen and learn so that we might find new opportunities to expand our impact." (*Id*.) (accessed on July 1, 2021)

11.   The actions of STI and Roche in seeking to end the "Be the Spark" campaign are not in accordance with the stated principles of STI and Roche.  This action may harm the SCD community, which is prominently African American, and patients' caregivers, by seeking an injunction or otherwise trying to shut down, compromise, and/or silence bluebird's educational,

unbranded disease state awareness campaign for SCD after it has been active and effective for more than a year.  STI does not compete with bluebird, does not market any therapeutics for SCD, and its adeno-associated virus ("AAV") gene therapy platform is unlikely to lead to a potential therapy for SCD.  STI is not financially harmed by an educational outreach campaign directed to SCD.  bluebird does not infringe or dilute STI's trademark by using "spark" in its ordinary, everyday sense to educate the SCD community.  This suit is a misguided exercise by a large pharmaceutical company to assert its trademarks beyond their registered scope, which will disadvantage patients and families living with the devastating effects of SCD.

## THE PARTIES

12.     Counterclaim-Plaintiff bluebird bio, Inc. is a Delaware corporation with a principal place of business at 60 Binney Street, Cambridge, MA 02142.

13.     Upon information and belief, Counterclaim-Defendant Spark Therapeutics, Inc. is a Delaware corporation with a principal place of business at 3737 Market Street, Suite 1300, Philadelphia, PA 19104.

## JURISDICTION AND VENUE

14.     This court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

15.     This Court has personal jurisdiction over STI because it is a Delaware Corporation.

16.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1)

## **STI AND BLUEBIRD ARE NOT COMPETITORS**

17.     STI is a wholly-owned subsidiary of the global pharmaceutical company Roche. STI is based in Philadelphia, Pennsylvania. On information and belief, STI's therapies are based on an AAV gene therapy platform.  bluebird's gene therapies are based on a lentiviral vector ("LVV") gene therapy platform, which works in a different manner from AAV.

18.     bluebird is developing a lentiviral-based gene therapy treatment for SCD. bluebird's gene therapy is not yet approved by FDA and is not being sold or marketed by bluebird.  Upon information and belief, STI's AAV technology is unlikely to lead to a potential therapy for SCD.  Upon information and belief, STI does not market an SCD therapy now and does not have an SCD therapy in its development pipeline.

19.     The doctors, scientists, and medical professionals who study, treat, and research SCD are not the same doctors, scientists, and medical professionals who study, treat and research hemophilia and retinal diseases.

20.     Both SCD and hemophilia are inherited genetic diseases.  Unlike communicable diseases, such as the flu or the common cold, the patient population for genetic diseases is defined by an individual's genetic code.  The markets for treatments for SCD and hemophilia are distinct because the patient populations are distinct and driven by underlying genetic conditions.

21.     The patient population for SCD is predominantly African American and concentrated in regions of the United States with larger populations of African Americans.  The patient population for hemophilia is is distributed throughout the United States.  The United States Centers for Disease Control and Prevention estimates that SCD affects approximately 100,000 people in the United States, and that that hemophilia affects between 30,000 to 33,000

people in the United States.  SCD and hemophilia are both rare genetic diseases and the patient

populations do not overlap.

22.     Education of the population impacted by SCD entails reaching out to the African

American community.  Education of the population impacted by hemophilia does not entail

targeting the African American community because hemophilia does not disproportionately

affect African Americans.

23.     If STI believes that it competes with bluebird, then it should have been aware of

bluebird's "Be the Spark" educational campaign when it launched in April 2020.  If STI was

aware of bluebird's "Be the Spark" campaign when it launched, it took no action until this time.

### BLUEBIRD'S "BE THE SPARK" CAMPAIGN

24.      The "Be the Spark" campaign is an unbranded disease state awareness

campaign, an educational campaign directed to people who have SCD, people who are

genetically predisposed to SCD, their families, and their caregivers.  The targeted community is

predominantly African American and the campaign seeks to raise awareness about, *inter alia*, the

signs, symptoms, and potential treatments of SCD.  The campaign is unbranded in that it does

not promote or advertise any products.  The "Be the Spark" campaign is not directed to health

care professionals who treat SCD patients or scientists who research SCD.

25.     The campaign seeks to motivate and empower – to spark – members of the SCD

community to learn about SCD, raise awareness about SCD, and identify areas where SCD is

misunderstood and underserved by the medical community.  The campaign seeks to motivate and

empower these individuals to effect positive change on behalf of all impacted or affected by

SCD.  bluebird uses "spark" in the campaign in its ordinary, English-language sense, not in

reference to STI and not in a manner that infringes STI's U.S. registration for SPARK or any other purported rights in the word "spark."

26.     The common word "spark" can be a noun or verb.  According to dictionary.com, as a noun the word has several meanings, including "anything that activates or stimulates; inspiration or catalyst."  (accessed on July 1, 2021).  According to dictionary.com, as a verb the word has several meanings, including "to kindle, animate, or stimulate (interest, activity, spirit, etc.)."  (accessed on July 1, 2021).

27.     bluebird uses "spark" in its "Be The Spark" campaign not as a trademark, but in a non-trademark manner in its ordinary, commonplace manner.  bluebird's use of "spark" in its "Be the Spark" campaign is descriptive of and used fairly and in good faith only to describe the services that bluebird provides, namely, education about SCD without reference to any product of bluebird or any other party.

28.     The "Be The Spark" campaign includes a variety of phrases intended to encourage and motivate members of the African American community to learn more about SCD so they can advocate for positive change – so that SCD is no longer misunderstood and underserved and, likewise, so the medical needs of the African American community are not underserved.

29.     Among the phrases used are "Let's Spark Change in Sickle Cell," "I am the Spark," "Be the Spark for Better Care in Sickle Cell," and "Be the Spark."  bluebird also maintains the website www.sparksicklecellchange.com.  In each instance, bluebird does not use the phrase "spark" alone and never uses it in reference to "Spark Therapeutics."

30.    bluebird clearly identifies itself, not STI, as the source of the "Be the Spark" campaign.  The website www.sparksicklecellchange.com states, "This website is developed by bluebird bio and is intended for residents of the United States who are 18 years and older."

31.    There has not been, and will not be, any likelihood of confusion in the minds of those seeing the "Be The Spark" campaign between STI and bluebird.  STI has not identified any evidence of actual confusion between STI and bluebird's Be The Spark campaign.

## STI USES "SPARK" IN THE SAME DESCRIPTIVE MANNER AS BLUEBIRD

32.    STI itself frequently uses the word "spark" in a non-trademark manner, and, in fact, has done so in the very complaint it filed in this action.  Paragraph 25 of the Complaint notes that STI runs ads to "explore the science of Gene Therapy research" and that tells readers to "spark your curiosity."  The ad is marked with STI's logo in larger letters and stylized font. But in the phrase "spark your curiosity," the term "spark" is used as a normal English word with its ordinary descriptive meaning, and not as a trademark to identify the source of any goods or services.

33.    The complaint is not the only instance were STI uses "spark" in its ordinary, everyday sense.  STI's website (https://sparktx.com/wp-content/uploads/Spark-8-Anniversary.pdf) (accessed on July 1, 2021) includes this webpage:



34.     The phrase "sparking change in the community" uses "spark" as a normal English word with ordinary meaning, in a way that is descriptive and not as a trademark.  Notably, the change STI wants to spark is "combatting inequalities" within Philadelphia communities.

35.     On its website (https://sparktx.com/we-are-spark/corporate-social-responsibility/) (accessed on July 1, 2021), STI uses the phrase "sparking positive change in the patient communities we serve" in its normal English sense:



36.     STI published on its Twitter account, "we work to spark positive change in the community." https://twitter.com/spark_tx/status/1351190640835649543 (accessed on July 1, 2021). The word "spark" is used in a descriptive non-trademark manner with an ordinary English meaning  -  motivate, ignite.



37.     STI also runs commercial advertisements as part of its own educational campaign. For example, in "Dateline Federation" Winter 2019-2020" (e.g., https://www.hemophiliafed.org/dateline/HFA_Dateline_2019_Q4_Winter/mobile/index.html#p=17) (accessed on July 1, 2021), STI uses the term "spark" in its ordinary sense when it states "spark your curiosity."



38.     STI also sponsored its own educational campaign for the Hemophilia Foundation of Northern California called "Spark your Curiosity."  The ad contains branding for STI, but that branding is not near the phrase "spark your curiosity."  The term "spark" is used as a descriptive word with its normal English meaning:



([https://www.facebook.com/Hemofoundation/photos/a.10150200360786080/10157113137126080/?type=3](https://www.facebook.com/Hemofoundation/photos/a.10150200360786080/10157113137126080/?type=3)) (accessed on July 1, 2021).

39.     STI does not identify a single instance of actual confusion in the Complaint and, on information and belief, is unaware of any actual confusion. bluebird is unaware of any actual confusion.

40.     No basis exists for STI's claims. No likelihood of confusion exists between bluebird and STI and, in any event, bluebird's use of "spark" constitutes descriptive fair use.

## SPARK HAS NARROW RIGHTS IN "SPARK" WHICH DO NOT ENCOMPASS EDUCATIONAL USES

41.     The word "spark" is used in thousands of U.S. trademark registration.  Currently, there are 1,384 live registrations using the word "spark" and 1,517 dead registrations that used the word "spark."  There are 33,362 US trademarks that include "spark" as a design search code

(USPTO Trademark Electronic Search System (TESS) accessed on July 1, 2021).  A Google search for the word "spark" yielded 799 million hits.

42.     STI filed U.S. Trademark Application No. 87/614,019 for SPARK THERAPEUTICS GENERATION PATIENT SERVICES and 87/614,036 for SPARK THERAPEUTICS GENERATION PATIENT SERVICES & Design.  Both applications sought registration of the marks for informational services and for patient and health care coordination services.  The Trademark Examining Attorney refused registration of both marks pursuant to Trademark Act Section 2(d), 15 U.S.C. § 1052(d), on the ground of likelihood of confusion in view of Registration No. 4126694 for SPARQ & Design.  The Trademark Trial and Appeal Board affirmed the Examiner's refusal to register.  STI is estopped from asserting rights in SPARK educational services and against bluebird's "Be the Spark" campaign.

43.     Many other companies and healthcare providers use the word "spark."  One example is the SPARK Center (Supporting Parents and Resilient Kids) at Boston Medical Center.  On information and belief, Boston Medical Center and its SPARK Center are not affiliated with Spark Therapeutics.  More information regarding the SPARK Center is available on its website: https://www.bmc.org/programs/spark-center

44.     Another example is SPARK Healthcare, LLC, which, on information and belief, is not affiliated with Spark Therapeutics.  More information regarding Spark Healthcare is available on its website: https://www.sparkhealthcare.com/

45.     Yet another example is Spark Biomedical, Inc., which, on information and belief, is not affiliated with Spark Therapeutics.  More information regarding Spark Biomedical is available on its website: https://www.sparkbiomedical.com/

**FIRST CLAIM FOR RELIEF**
(Declaratory Judgment, 28 U.S.C. §§ 2201-2202, respecting noninfringement)

46.     bluebird repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Counterclaim as if fully restated in this Paragraph.

47.     STI has alleged in this action that it owns protectable rights in the Spark Marks and that bluebird has infringed those rights.

48.     bluebird denies that it has infringed or that its use of the term spark will ever infringe or in any way violate STI's rights in the SPARK marks.

49.     As they are used or intended to be used in the actual marketplace, there is no likelihood of confusion between bluebird's use of "spark" and any of STI's purported marks.

50.     bluebird's use of "spark" constitutes descriptive fair use protected by the Lanham Act.

51.     bluebird's use of "spark" is in a non-trademark manner.  bluebird does not use the single word "spark" as a trademark.

52.     An actual, immediate, and justiciable controversy between the parties exists over whether STI has any protectable rights in the SPARK Marks, and if so, whether bluebird is infringing or otherwise violating those rights.

53.     bluebird has been and will continue to be damaged by the persistent uncertainty created by STI's unsubstantiated claims with respect to bluebird's noninfringing use of the term "spark."

54.     Accordingly, bluebird is entitled to a declaration by this Court that bluebird's use of the term "spark" does not infringe or otherwise violate STI's purported rights.

## PRAYER FOR RELIEF

WHEREFORE, bluebird prays for the following relief:

A.      Entry of an order adjudging and declaring that bluebird's use of the term "spark" does not infringe STI's putative marks or violate any of STI's purported rights.

B.      Entry of a permanent injunction enjoining STI, its officers, agents, and employees from interfering in any manner with bluebird's use of the term "spark" in relation to bluebird's services in the United States;

C.      An award to bluebird of its attorneys' fees and costs incurred in connection with this action; and

D.      Such other further relief to which bluebird may be entitled.

## JURY DEMAND

bluebird hereby demands, pursuant to Federal Rule of Civil Procedure 38, a trial by jury of all issues so triable.

ASHBY & GEDDES

*/s/ John G. Day*

_____
John G. Day (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-188
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

*Of Counsel:*

Brian T. Moriarty
Christopher K. Albert
HAMILTON, BROOK, SMITH &
REYNOLDS, P.C.
Seaport West
155 Seaport Boulevard
Boston, MA  02210
(617) 607-5900

John L. DuPre'
HAMILTON, BROOK, SMITH &
REYNOLDS, P.C.
Middlesex Green
530 Virginia Road
Concord, MA 01742
(978) 341-0036

Dated:  July 2, 2021