# Ballard Spahr LLP

919 North Market Street, 11th Floor
Wilmington, DE 19801-3034
TEL 302.252.4465
FAX 302.252.4466
www.ballardspahr.com

Beth Moskow-Schnoll
Tel: 302.252.4447
Fax: 302.252.4466
moskowb@ballardspahr.com

November 23, 2021

Honorable Leonard P. Stark
U.S. District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE 19801-3555

Re:   *Spark Therapeutics, Inc. v. Bluebird Bio, Inc.*, C.A. No. 21-705-LPS

Dear Judge Stark:

Plaintiff Spark Therapeutics, Inc. ("Spark") opposes Defendant Bluebird Bio, Inc.'s ("Bluebird") motion to strike. Bluebird's motion is both largely unnecessary and perplexingly wrong.

1. **Bluebird Already Asserted its First Argument, and Had the Opportunity to Raise Its Second, in Opposition to Spark's Preliminary Injunction Motion.**

Bluebird's independent motion as to Spark's Delaware Trademark Act ("DTA") claim is unnecessary because Bluebird already made the same unfounded argument in its Opposition to Spark's Motion for Preliminary Injunction (*see* D.I. 26 at 11), to which Spark responded (*see* D.I. 32 at 4). Bluebird's assertion of the same argument in a separate motion to strike is redundant, and an attempt to have two bites of the apple while needlessly double-taxing the resources of both this busy Court and Spark. Furthermore, Bluebird had the opportunity to advance its argument about the SPARKMEDICAL.COM registration in its opposition briefing but chose not to. Bluebird's motion to strike is essentially an unauthorized sur-reply.

2. **Bluebird Erroneously Claims that Spark Relies Solely On Its Federal Registration as the Basis for Its Delaware Dilution Argument**

Bluebird seeks to strike Spark's entire DTA argument on the ground that Spark is relying solely on its federal registration, with reliance on "no other marks or rights."[1]  Not so.

---

[1]   Bluebird cites only two sentences, neither of which are in Spark's dilution count or dilution section of the PI brief, to support this argument. The first line is from the introduction of Spark's PI brief. (D.I. 36 at 1.) The second line is a single sentence in the expert report of Susan McDonald. (*Id.* at 2.) Neither reference states that Spark's

Honorable Leonard P. Stark
November 23, 2021
Page 2

Bluebird's argument confuses the issue of eligibility to bring a claim under the DTA – which includes ownership of a trademark or trade name under Delaware common law[2] (which Spark owns) – with Delaware's separate requirement that a DTA plaintiff show its mark is "distinctive."[3] Possession of a federal trademark registration satisfies the DTA's "distinctiveness" requirement. (D.I. 19 at 7; *see also* D.I. 32 at 5, 7.) It is in this context that Spark refers to its federal registration – to prove distinctiveness.

Further, as Spark explained in its reply (D.I. 32), Spark, a Delaware corporation, is eligible to seek injunctive relief under the DTA because of its common law use of its "Spark Marks" (*which include Spark's unregisterable tradename and other unregistered marks*)[4] in Delaware. As Spark pled:

> Spark has used the SPARK Marks to identify its products and services in the United States, including in the District of Delaware, for several years. By virtue of Spark's extensive and continuous use of the SPARK Marks (both generally, and specifically with regard to the scientific, medical, and pharma industries and communities), the SPARK Marks have become well-known.

(D.I. 1 ¶ 79 (emphasis added).) Spark's injunction motion and supporting materials also cite to its use and the renown of the SPARK name and marks in support of its dilution argument. (*See, e.g.*, D.I. 19 at 1-3; D.I. 20 ¶¶ 7-11; D.I. 21 ¶¶ 11-14, 16-22.) Thus, there is nothing new about this argument.

---

eligibility to bring a state dilution claim is based solely on a federal registration. And Spark's federal registration also is relevant to its trademark infringement claim.

[2]  6 Del. C. § 3313.

[3]  The DTA requires proof of two things: (i) distinctiveness, and (ii) a likelihood of dilution. *Sanofi-Aventis v. Advancis Pharm. Corp.*, 453 F. Supp. 2d 834, 855 (D. Del. 2006).

[4]  In its complaint and its memorandum in support of its motion for preliminary injunction, Spark identified the "SPARK Marks" as both its trade name and all of its Spark-related marks. (*See* D.I. 1 ¶ 3; D.I. 19 at 2.) Both the complaint and memorandum listed specific examples of these marks and name, such as "Spark Therapeutics" which is unregistered and thus necessarily a "common law" mark and name. (D.I. 1 ¶¶ 2-5, 17; D.I. 19 at 1-2.)

Honorable Leonard P. Stark
November 23, 2021
Page 3

Spark used its reply to respond to Bluebird's opposition brief in which Bluebird attempted for the first time to obfuscate Spark's proper use of Spark's federal registration to prove DTA distinctiveness. Because Spark's reply was responsive to Bluebird's opposition brief, Spark's reply does not violate Local Rule 7.1.3(c)(2). *See, e.g.*, *f'real Foods, LLC v. Hamilton Beach Brands, Inc.*, Civil Action No. 16-41-CFC, 2020 U.S. Dist. LEXIS 111706, at *3 (D. Del. June 24, 2020) (denying motion to strike per Local Rule 7.1.3(c) because the reply was responsive to an argument raised in opposition).

Moreover, Bluebird has not shown, and cannot show, any prejudice from Spark's reply given that, even if there was any prejudice (which there is not), it is cured by Bluebird's filing of its motion to strike, which is tantamount to a sur-reply. *See Knights of Columbus Star of the Sea Council 7297 v. City of Rehoboth Beach*, 506 F. Supp. 3d 229, 234 n.4 (D. Del. 2020) (Stark, J.) ("Any prejudice" that a new argument raised on reply may have "caused Defendants was fully cured by permitting Defendants to file a sur-reply brief and by hearing fully from both sides during oral argument.").

Thus, Bluebird's motion to strike Spark's DTA argument should be denied.

### 3. No Basis for Bluebird's Claim that Spark Was Required to Amend Its Complaint Before Citing a Newly Issued Registration in its PI Briefing

Bluebird has not identified any requirement that Spark amend its complaint before citing its newly issued registration for SPARKMEDICAL.COM in its preliminary injunction brief. Bluebird did not cite any case law supporting this proposition, nor did it point to any statute, regulation, or rule requiring Spark to amend its Complaint. No such requirement exists.

In trademark cases, the list of trademarks being relied upon is handled through discovery, not amendment of the pleadings each time a new registration issues. *See, e.g.*, *Chambers v. Time Warner*, 2003 U.S. Dist. LEXIS 3065, at **7-8 & n.3 (S.D.N.Y. Mar. 4, 2003) ("The specific trademarks involved can be identified in discovery"; "the Court concludes that no amendment is required"); *cf. Riverdeep Interactive Learning, Ltd. v. MPS Multimedia, Inc.*, 2006 U.S. Dist. LEXIS 94524, at *15 (N.D. Cal. Dec. 22, 2006) (denying a motion for a more definite statement because "Plaintiffs' trademark infringement claim, while lacking in detail, is not unintelligible. And the specific trademarks and sections of the Lanham Act issue can easily be ascertained through discovery.").

Although discovery has not yet occurred in this case, Bluebird was nonetheless on notice of Spark's new registration for SPARKMEDICAL.COM as Spark raised it in its

Honorable Leonard P. Stark
November 23, 2021
Page 4

opening brief.[5] Bluebird thus had the opportunity to advance arguments about the SPARKMEDICAL.COM registration in its opposition briefing.

Bluebird's only legal citation for its argument is to a non-trademark case from a different circuit stating a general rule that a party "cannot broaden the scope of his complaint through briefing." (D.I. 36 at 2 (citing *Fitten v. McCarthy*, 2021 U.S. Dist. LEXIS 30024, at \*13 (E.D. Va. Feb. 17, 2021)).) That case—which related to exhaustion of administrative remedies prior to claiming employment discrimination—is simply inapplicable. *See Fitten*, 2021 U.S. Dist. LEXIS 30024, at \*\*11-14. *Fitten* does not require trademark infringement plaintiffs to amend their complaints before citing a newly-issued registration. And Spark's citation to a registration for yet another SPARK-formative mark did not "broaden the scope" of its complaint because the complaint was already based on a family of SPARK-formative marks. (D.I. 1 ¶¶ 2-5, 17 n.1; D.I. 19 at 2.)

In sum, there was no requirement to amend the pleadings and no prejudice to Bluebird. Bluebird's motion to strike on this point should be denied.

\*     \*     \*

For the reasons described above, Spark respectfully requests that Bluebird's motion to strike be denied.

Respectfully submitted,

*/s/ Beth Moskow-Schnoll*

Beth Moskow-Schnoll

cc: Counsel of Record (via CM/ECF)

---

[5] Bluebird was also on constructive notice from the registration itself. *Park 'n Fly v. Dollar Park & Fly*, 469 U.S. 189, 202 (1985) ("Registration of a mark provides constructive notice throughout the United States of the registrant's claim to ownership.").