IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPARK THERAPEUTICS, INC., | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 21-00705-WCB |
| BLUEBIRD BIO, INC., | § § § | |
| *Defendant*. | § § § | |

**MEMORANDUM ORDER**

Defendant bluebird bio, Inc., has moved to strike portions of the motion filed by plaintiff Spark Therapeutics, Inc., for a preliminary injunction. Dkt. No. 35. Spark has opposed the motion, Dkt. No. 37, and bluebird has replied, Dkt. No. 38.

Bluebird raises two issues. First, it contends that for purposes of the preliminary injunction proceeding, Spark's argument based on the Delaware Trademark Act should be struck. Bluebird argues that Spark's initial brief in support of its motion for a preliminary injunction relied only on Spark's federally registered mark, and not on common law trademark rights. An action under the Delaware Trademark Act, bluebird argues, cannot be based on a federally registered mark, but only on common law trademark and trade name rights. Because Spark did not assert common law trademark rights in its opening brief, but only in its reply brief, bluebird argues that Spark's reliance on common law trademark rights has been waived for purposes of the preliminary injunction proceedings. Second, bluebird contends that Spark's argument relying on its federally registered mark SPARKMEDICAL.COM should be struck because that mark was not asserted in

1

Spark's complaint and therefore cannot serve as a basis for Spark's request for preliminary injunctive relief.

1. It is true that Spark's opening brief in support of its preliminary injunction motion refers to Spark's federally registered mark, and that the portion of Spark's brief that is directed to the Delaware Trademark Act, Spark does not refer to Spark's common law trademark rights. While it would have been preferable for Spark to refer explicitly to its common law rights in connection with its claim under the Delaware statute, the absence of a specific reference to those common law rights is not fatal to its request for preliminary injunctive relief under the Delaware statute.

The parties do not disagree that Spark may not seek a remedy under the Delaware statute based on its federally registered trademark. Because Spark is seeking relief in part under the Delaware statute, it is implicit in its request that it must prove infringement of its common law trademark or trade name rights. There is no confusion on that issue, and Spark's reply brief makes clear that Spark understands that in order to obtain relief under the Delaware statute it must prove the existence and infringement of its common law rights.

Bluebird argues that Spark's statement in the introduction to its opening brief that Spark "seeks to preliminarily enjoin Bluebird Bio, Inc. ('Bluebird') from using Spark's federally registered trademark Spark®" indicates that Spark believes that relief under the Delaware statute can be predicated on the federally registered mark. Again, the language in Spark's brief is imprecise, but it is not fatal to Spark's state law claim. And even if the language in Spark's brief reflects a misapprehension as to the legal standard for proving dilution under the Delaware statute, that misapprehension has now been corrected, and does not warrant negating Spark's claim under the Delaware statute, which is otherwise fully set forth in Spark's opening brief.

2. Bluebird's second point is that Spark's complaint does not cite the newly issued registration for SPARKMEDICAL.COM. For that reason, bluebird contends that Spark's reliance on that mark must be struck, at least absent Spark's filing an amended complaint.

Citing Judge Rakoff's opinion in *Chambers v. Time Warner*, No. 00 Civ. 2839, 2003 WL 749422 (S.D.N.Y. Mar. 5, 2003), Spark responds that in trademark infringement cases it is not required that all federally registered marks asserted by the plaintiff be listed in the complaint, as long as the complaint alleges that the plaintiff is relying on federally registered marks and that the defendant has infringed those marks. *Id.* at *3 & n.3. Under those circumstances, it is generally permissible for the list of marks to be disclosed in the course of discovery. *Id.*; *see also PGA Serv. Corp. v. All Web Leads, Inc.*, No. 3:17-cv-01334, 2018 WL 10228296, at *3 (M.D. Tenn. May 18, 2018); *Riverdeep Interactive Learning, Ltd. v. MPS Multimedia, Inc.*, No. C 06-5597, 2006 WL 3797962, at *5 (N.D. Cal. Dec. 22, 2006).

In this case, however, Spark has suggested in its briefing on the motion for a preliminary injunction that it intends to rely on its federal registration for SPARKMEDICAL.COM to support its claim for relief. Moreover, Spark's brief hints that it may rely on "several additional trademark registrations or pending trademark applications," Dkt. No. 19, at 10. Because bluebird is entitled to know what marks Spark is asserting in connection with its motion for a preliminary injunction, the court sua sponte directs Spark to file a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, as the district court did in the *Chambers* case on which Spark relies. *See Chambers v. Time Warner*, 2003 WL 749422, at *3 n.3.

It is well settled that a district court may act sua sponte to order a more definite statement under Rule 12(e). *See Alston v. Parker*, 363 F.3d 229, 234 n.7 (3d Cir. 2004); *Momenian v. Davidson*, 878 F.3d 381, 391 (D.C. Cir. 2017); *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 & n.6

3

(11th Cir. 1996); *Bruscianelli v. Hicks*, Civil Action No. 20-2631, 2021 WL 1139844, at *4 (D.N.J. Mar. 24, 2021); *Krushin v. Kosek*, Civil No. 4:16-CV-1540, 2019 WL 1246963, at *8 (M.D. Pa. Feb. 22, 2019); 2 James Wm. Moore, Moore's Federal Practice § 12.36[1], at 12-122 (3d ed. 2021) ("Because of its potential usefulness . . . courts will occasionally order a more definite statement *sua sponte*, which they have the freedom to do."). And because Spark is seeking a preliminary injunction prior to discovery, it does not make sense to postpone until discovery the disclosure of the trademarks on which Spark will be relying in the preliminary injunction proceeding.[1]

Spark's statement should include those registrations on which Spark intends to rely in support of its request for relief under the Lanham Act as well as those marks on which Spark intends to rely in support of its request for relief under the Delaware Trademark Act. The statement will be due for filing no later than December 27, 2021.

In addition, in light of the fact that Spark's Reply Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction raised new issues regarding the scope of Spark's claim under the Delaware Trademark Act, and in light of the prospect that Spark's filing in response to the court's order under Rule 12(e) will present new details regarding the marks that will be at issue in the preliminary injunction hearing scheduled for January 19, 2022, bluebird will be permitted to file a sur-reply brief in response to Spark's motion for a preliminary injunction. *See Knights of Columbus Star of the Sea Council 7297 v. City of Rehoboth Beach, Delaware*, 506 F. Supp. 3d 229, 234 n.4 (D. Del. 2020) (any prejudice from plaintiff's raising a new issue in a

---

[1] Setting aside bluebird's argument that the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), requires more detailed pleading than was required by the court in the cases cited by Spark, the important point here is that bluebird is entitled to know what registered and common law trademarks Spark intends to assert against it in the preliminary injunction proceeding. Because bluebird will not have an opportunity for discovery before the preliminary injunction hearing, that information will have to be provided in another fashion.

reply brief is cured by permitting the defendants to file a sur-reply brief and by hearing fully from both sides during oral argument).  Any such sur-reply brief will be due within 10 days after Spark files its Rule 12(e) statement and will be no more than 10 pages in length.  If necessary, bluebird may include a brief supplemental expert report with its sur-reply brief that addresses any new issues arising from Spark's Rule 12(e) statement.  The scope of the supplemental report will be limited to such new issues.

3.  At the conclusion of the telephonic hearing on bluebird's motion to strike, the court conducted an initial scheduling conference pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.1.  As indicated at that time, the parties are directed to file a joint proposed scheduling order by no later than January 12, 2022.[2]  In the event that there are any disputes with respect to scheduling, the parties should indicate the areas of disagreement in the joint proposed scheduling order submitted to the court.  The court will discuss any disputes with respect to scheduling at the preliminary injunction hearing on January 19, 2022, and will issue a scheduling order promptly thereafter.

IT IS SO ORDERED.

SIGNED this 17th day of December, 2021.

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

---

[2] The proposed scheduling order should be modeled on Judge Stark's Form Scheduling Order for non-patent cases. *See* Form Scheduling Order – Non-Patent (Aug. 2014), https://www.ded.uscourts.gov/sites/ded/files/chambers/Form_Scheduling_Order-Non-Patent_Rev-08-14.pdf.